17-0-0-4-6, people of the state of Illinois, at the lead by Thomas Serrato, she is Jessie Brewer, appellate by Santiago Durango. Mr. Durango. Good afternoon, your honors. Mr. Serrato. My name is Santiago Durango, I'm an assistant appellate defender with the Office of the State Appellate Defender, and I represent the Inquiry in the case of Mr. Jessie Brewer. May it please the court. The court has requested this oral argument. I will try to answer the court's questions as best I can. Today, I will be asking the court to reverse the defendant's conviction of aggravated battery of the term outright, because of the disputed term violation in this case, which the state has not disputed occurring. In the alternative, I will ask that this court be remanded for factual determinations relating to the state's defenses to the 214-1 petition that the defendant filed against the court. In that regard, I would just like to point out that, although the state has raised affirmative defenses of the limitations period in this case, it can also help rescue the tie-up as to the claim raised in the defendant's 214-1 petition. One of the points I would like to make today is that the state has, for lack of a better word, in that regard. They obtained a conscionable advantage in the speedy trial violation that occurred in this case, because although they're not disputing that the speedy trial violation occurred, in the trial court, they requested that the speedy trial term be extended, although there's no basis in the law or under the FASC for that extension of the speedy trial term. So, essentially, to allow the speedy trial violation, in this case, to stand uncorrected, would be tantamount to allowing the state to benefit from lawful procurement of an advantage in asking for the extension of the speedy trial term when there was no basis in the law in support of that request in the trial case. Excuse me. Now, the defendant did file a 214-1 petition asking for relief in this matter based on the speedy trial violation that occurred in his trial. Admittedly, he did so many, many years after his trial was over. We have argued that he was permitted to do so under Collins v. Collins, an important case from the late 1950s. Collins ruled that a court may reach a question that is filed late when the question before the court and the people who came on petition is really a question of whether the court is interpreting a statute. There's no question as to the facts, whether they're true or not. It's just a question of interpretation of the statute. And that is what happened here. The facts were clear that there was no speedy trial violation and the trial court misinterpreted the speedy trial term in this case and made the mistake of an extension. Collins, as the late case of Aurora pointed out, there's no due diligence requirement under a Collins pending case. So although the defendant in this case did file his 214-1 claim years after his trial under Collins because there's no due diligence requirement, the claim can still be considered. Now, the state, for the first time in the appeal, raised the defenses of the limitations period in the filing of the petition, which, as I'm arguing today, was not laid under Collins. The state has also argued that the claim would be borrowed under restitutata because the defendant should have raised it earlier. Now, as to the limitations argument by the state, our argument is that the state has waived that argument because it was aware of the filing of the 214-1 petition in the trial court and did not raise that defense when it had the opportunity to do so. It forwent that opportunity, and then the trial court erroneously dismissed the 214-1 petition on the grounds that it violated the limitations period. But under this court's decision in Malloy and its decision in Berrio, that is not a proper ground for the court to use in dismissing a 214-1 petition on its own motion. It has to be a defense that is raised by the state before it can be used by the court to deny a 214-1 claim. In this case, the state had the opportunity to do so because the record shows that the court transmitted the 214-1 petition to the state. The state raised no defense in the trial court, maybe because it realized that there had been known to be a file violation in this case. And by not raising the defense in the trial court of the limitations period, it could not do so for the first time in this appeal. So that is our argument regarding the limitations defense that the state is trying to raise for the first time in this appeal. The state also argues that res judicata applies here because the defendant could have raised his state-filed claim in his post-conviction petition. He did raise it in his post-conviction petition, but he failed to allege that an appellate counsel was an infected and not raising it. We argue that this is not enough to bar consideration of the claim now because, again, relying on Collins and a lay case of Hansen, their res judicata does not apply in this situation. And just to refresh the court's memory, in Collins, a divorce decree was vacated because the parties had not been married for two years required for a divorce based on the husband being a habitual drunkard. Now, in Collins, the motion to vacate the divorce was filed within the two-year limitations period. There were no intervening pleadings where the claim could have been raised previously, so that res judicata would apply. However, in reading that decision, it's clear that even if there had been intervening pleadings between the entry of the wrongful decree for divorce and the time that a petition was filed to vacate the divorce because of the mistake of law in entering the divorce decree in the first place, even if there had been other petitions filed in the interim where the claim could have been raised previously, it's clear from the Collins decision that that would not have mattered and that res judicata would not have barred a later claim that the divorce needed to be vacated because it was just not authorized under the law. In the later case of Hanson, we have the same situation. In that one, the court correctly authorized the awarding of a FOIP card to a defendant who had a private criminal record under the law that cannot be done. It's clear from that decision as well that if there had been intervening petitions between the time the FOIP card was incorrectly awarded to the individual in that case and the time that the petition to vacate that wrongful judgment was filed, even if there had been intervening petitions where the claim could have been raised previously, the judgment allowing the issuance of the FOIP card would still have been vacated just because the judgment was wrong as a matter of law. In this case, under that logic, it does not matter that the defendant didn't raise the claim correctly in his post-conviction petition because the speedy trial violation in this case led to the wrongful judgment in this case. This defendant should never have gone to trial. Therefore, even though he raised the claim late, time-wise, he, res judicata, does not apply under the logic of Collins and Hanson. The other reason why we argue that res judicata does not apply here are the equitable grounds that apply in this case. Now, a court that considers a petition for relief from judgment has equitable powers to vacate a judgment that was improperly or unjustly procured. Our argument is that the judgment in this case was wrongfully or unjustly procured because the state urged the trial court to extend a speedy trial term when there was no basis for that extension under the facts or the law. If the state had not done so, it's possible that the court would not have misled us to the facts or the law of the case and would have discharged the case on speedy trial grounds. So, equitable principles in this case to vacate an unjust judgment supports a finding that res judicata does not apply here. Res judicata does not apply here because it would reward the state for its wrongful procurement of an extension of the speedy trial term. So, those are two equitable grounds that we argue justify not finding res judicata in this case. I could argue about the, as an aside, I think there are problems with not allowing defendants or appellate counsel to raise an effective assistance of counsel claims in post-conviction petitions for the first time. I don't think that Jones' decisions from the Supreme Court bar appellate counsel from arguing, pardon me, post-conviction counsel arguing for the first time that appellate counsel was ineffective for not raising a claim that was made in the petition. I don't think that's necessary now unless the court has some questions about why I see a problem with that. Thank you. Another problem with, well, I'm getting into it now, but one of the problems with that logic that PC counsel should not be able to allege that appellate counsel was ineffective for not raising a claim that was raised in the petition except that the petition failed to allege appellate counsel was ineffective is that 70% of defendants in prison in this country, according to the United States Supreme Court, are functionally illiterate. So, by demanding that we ask defendants when they file a post-conviction petition to also allege that appellate counsel was ineffective, we're asking them to know as much as a lawyer about an arcane forfeiture principle, but we're talking about a population which consists of 70% functionally illiterate defendants. That is manifestly unfair, I believe. In any event, those are the points that I wanted to bring to the court's attention today. If the court has any questions for me, I would be happy to try to answer them. Not yet. All right. Thank you, Mr. Frank. Mr. Arado. Can I please report? Good afternoon, Your Honor, counsel. We have based arguments on the statutory requirements of 214.01, which is timeliness, and the argument regarding race, as far as the waiver of argument alone, the state was never given. The trial court's response, they dismissed the petition. The state did not have an opportunity to file the timeliness argument, nor did they have an opportunity to raise the race judicata, so they raised it. Here, because it's a de novo review, however this court feels that the proper course is to remand it for proceedings below, that we would understand that since the court cannot respond to a dismissal on timeliness grounds. However, we have cited people who are just now alive for the proposition that that dismissal can be not an harmless error if the petition is of no merit. Here, the defendant had been convicted in 2008. He filed a post-conviction petition, which was summarily dismissed, and that petition raised the very argument that he includes in this 214.01 petition, the speedy trial. This court affirmed the dismissal in 2012. Four years after that, the defendant files his 214.01 petition. It is barred both by the timeliness arguments and the 214.01 and under the concepts of race judicata and forfeiture because the defendant either has to raise it on direct appeal or any matter that is not raised can be raised in a post-conviction. He raised it in a post-conviction, but that was dismissed and the summary dismissal was deferred. As far as the claim about 70% of the individuals in prison being functionally illiterate, I cannot dispute the general statistics. I am not aware of them specifically, but there is no evidence as to this defendant being functionally illiterate. Also, as far as the claims regarding Collins, Hanson, and DeLauro, those were pre-Casselberry and they seem to be based upon the fact that judgments were based on being outside of statutory requirements. Two years in the divorce case of Collins, the Boyd-Carr statute in the 2012 case. So that is based upon the concept that Boyd-Carr needs to be raised. Well, it was kind of a subject matter jurisdiction. The court didn't have subject matter jurisdiction because it was less than the time. You couldn't do it under the statute. More or less. But it's still distinguishable because here the court clearly has subject matter jurisdiction and personal jurisdiction. Therefore, it's judgment in Boyd and Collins and these other cases are not applicable to our situation here. We would stand on our feet for the remainder of this discussion. Thank you. Mr. Durango, some rebuttal? Yes, thank you, Your Honor. This state had months to reply to the defendant's claim, racist affirmative defenses in the trial court. The state was given notice of the, according to the docket entry, the state was given notice of the petition filed by the defendant. The court did not dismiss the petition for two or three months, if I recall correctly. So therefore, the state had two or three months in which to file its affirmative defenses. It did not, so therefore, it had waived its affirmative defenses of the limitation period in the U.S. Supreme Court. The state argues that the PC acted as res judicata, but as IFS, for the reasons that I gave in my first argument, I have been arguing res judicata based on the filing of the PC. The state argues that, it claims, it appears to argue that a commons petition no longer exists, but it's still recognized in the law as one of the types of petitions that is allowed under the petition for res judicata. So, but putting that aside, this is the first time that argument has been made. It's not in the briefs, so the time to have made that argument for the state was in its briefs, so I submit that that argument has been waived by the state. And since commons petitions are just a version of the old bills of review, bills of review are part of 214.01. That's what a commons petition is. It incorporates certain types of petitions that existed prior to the enactment of Section 214.01, or were incorporated into Section 214.01, and also the Post-Conviction Hearing Act. So those are reviewed, are still recognized. Commons petitions are nothing more than bills of review. And based on the situation that arose in commons, where a divorce decree was incorrectly entered, I don't think that Castleberry would bar the vacating of that wrongfully entered divorce decree years later under 214.01. The same way, for the same reason, if a board card was improperly issued, assumed to a wrongful court order at the present time post-Castleberry, and a petition was filed by the state years from now to a 214.01 petition to have that board, vacated as an Hanson, I don't believe that Castleberry would bar that. Again, bills of review are what the commons petition is, and bills of review are still part of Section 214.01. I have argued today that the defendant respectfully requests that this conviction be vacated outright by this court. On speedy trial, then? On speedy trial. Based on the violation of the speedy trial, or on the alterity that this could cause, be remanded to the Brown Court for factual findings on the status of the remaining defendants. If the court has no further questions, I will conclude my argument. So basically, you're arguing that, I'm not quite sure exactly how to articulate my question, that 214.01 does not pose a temporal barrier if the defendant clearly should have prevailed in the trial court. Yes, as a matter of the fact that 214.01 incorporates bills of review, that's one ground. And the other ground is the equitable ground, where due diligence can be excused by the court in order to prevent unjust judgment from being enforced or remaining on the books. So there are two components to that. The bills of review component and the, as explained in the Aurora case, and the equitable grounds, which, in this particular case in my brief for that, I have a case now, but it's not a novel concept. There's no concept that lack of due diligence can be excused in order to prevent it. So is your argument that a speedy trial issue cannot be waived by the defendant or forfeited? In this case, my argument is that under the facts of this case, it was not waived specifically because it was unjustly procured. Well, if it wasn't unjustly procured, you wouldn't have the issue to begin with. So the issue is that you say you've got a speedy trial issue, it can't be waived or forfeited. Well, you could have a violation of the speedy trial term where the state did not encourage the violation. It's just the defendant and the lawyer were ineffective in not spotting it. But in this case, the state actively encouraged the court to extend the speedy trial term when the facts and the law did not permit that extension. So under the facts of this case, I'm arguing that the claim may be brought under comments that equity at this point. And you're proposing this on any basis? It's not just speedy trial. You're saying that under any circumstances? Under the right circumstances, as in Hanson, where the court card was improperly issued. As in Collins, where the divorce decree was improperly entered. There was no basis in the law for either of those judgments. In this case, the judgment was based on a violation of the speedy trial. So there should have been no basis for the judgment in this case. And there's no limitation? I could bring my claim 25 years down the road? In this case, I'm saying that the Collins could have been brought 25 years after what occurred in the Collins could have been brought 25 years after it occurred. So the wrongful divorce decree in that case could have been indicated 25 years after it was entered. In the Hanson case, I'm saying that the wrongful issuance of the FOIA card in that case could have been corrected 25 years afterward. These are the facts of this case. It's a wrongful application of the law to undisputed facts. And the same occurred here. And here we have the additional component that the State has, again, for lack of a better word, in its hands. Okay. Thank you. Thank you, Your Honor. Thank you. Thank you both for your arguments here this afternoon. The matter will be taken under advisement. And as I indicated previously, Judge O'Brien will be conferencing with us, listening to the arguments. And so right now, we are adjourned.